# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-00273-DSC

| | |
|---|---|
| **MARY BRACKETT,** | ) |
|       **Plaintiff,** | ) |
| | ) **MEMORANDUM AND ORDER** |
| | ) **OF REMAND** |
| v. | ) |
| **ANDREW SAUL,** | ) |
|       **Defendant.** | ) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #12) and Defendant's "Motion for Summary Judgment" (document #14), as well as the parties' briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and these Motions are ripe for disposition.

Having fully considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is not supported by substantial evidence. Accordingly, the Court will <u>grant</u> Plaintiff's Motion for Summary Judgment; <u>deny</u> Defendant's Motion for Summary Judgment; <u>reverse</u> the Commissioner's decision; and <u>remand</u> this matter for further proceedings consistent with this Memorandum and Order.

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on June 12, 2019. She assigns error to the Administrative

Law Judge's evaluation of a favorable decision by the North Carolina Department of Health and Human Services ("NCDHHS") on her application for Medicaid benefits. (Tr. Tr. 770). See Plaintiff's "Memorandum ..." at 3-8 (document #13).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the

evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled at any time.[1]

In a decision dated May 23, 2016, NCDHHS found Plaintiff disabled for Medicaid purposes. (Tr. 770). Specifically, NCDHHS found Plaintiff disabled at Step Three of the sequential analysis, concluding that she met the requirements of Listing 1.02 for major dysfunction of a joint. Id.

In her hearing decision, the ALJ concluded that Plaintiff did not meet Listing 1.02 (Tr. 20) and found her not disabled at Step Five. (Tr. 33-34).

Social Security Ruling 06-03p provides that "evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered." See also Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337 (4th Cir. 2012) (error for ALJ to afford no weight to a Veterans Administration disability rating).

---

[1] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

Following the Fourth Circuit's opinion in Woods v Berryhill, 888 F.3d 686, 692-93 (4th Cir. April 26, 2018), a Medicaid disability decision by NCDHHS must be afforded substantial weight in the same manner as a disability decision by the Veterans Administration. An ALJ may give less than substantial weight to an NCDHHS disability decision only by stating "persuasive, specific, valid reasons for doing so that are supported by the record." Id. at 692 (citing McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing standard for VA decisions); Chambliss v. Massanari, 269 F.3d 520, 522 (5th Cir. 2001) (per curiam) (explaining that ALJ need not give great weight to VA disability determinations "if they adequately explain the valid reasons for not doing so").

Applying those legal principles to the record here, the Court concludes that this matter must be remanded for a new hearing. The ALJ gave the Medicaid decision "little weight." (Tr. 30). The ALJ stated generally that a NCDHHS decision is of little probative value. Id. The ALJ's only other basis was that the NCDHHS decision did not include a "function-by-function assessment" and did not determine whether Plaintiff could perform her past relevant work or other work. Id. In other words, the ALJ faulted NCDHHS for not continuing with Steps Four and Five of the sequential process notwithstanding the disability finding at Step Three. Id. The ALJ failed to provide persuasive, specific and valid reasons for discounting the NCDHHS decision.

By ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Plaintiff's application for disability benefits. See Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." Shalala v. Schaefer, 509 U.S. 292, 299, 113 S. Ct. 2625, 2630-31, 125 L.Ed. 2d 239

(1993) (quoting Sullivan v. Hudson, 490 U.S. 877, 892, 109 S.Ct. 2248, 2258, 104 L.Ed.2d 941 (1989)).

IV. ORDER

**NOW THEREFORE IT IS ORDERED:**

1. Plaintiff's "Motion for Summary Judgment" (document #12) is **GRANTED**; Defendant's "Motion for Summary Judgment" (document #14) is **DENIED**; and the Commissioner's decision is **REVERSED.** This matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[2]

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**

Signed: January 17, 2020

David S. Cayer
United States Magistrate Judge

---

[2] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).